## JIM GILBREATH v. STATE.

No. A-1895. Opinion Filed May 10, 1913.

(131 Pac., 941.)

APPEAL—Time of Taking. Where an appeal is not taken within the time prescribed by the statute, this court is without jurisdiction to review the judgment.

(Syllabus by the Court.)

*Appeal from Greer County Court;*
*Jarret Todd, Judge.*

Jim Gilbreath was convicted of violating the prohibitory law, and brings error. Dismissed.

*John Evans* and *J. L. Carpenter,* for plaintiff in error.
*Chas. West,* Atty. Gen., and *C. J. Davenport,* for the State.

PER CURIAM. The plaintiff in error was convicted on an information which charged that he did unlawfully sell whisky, and in accordance with the verdict of the jury was sentenced to serve a term of six months in the county jail and to pay a fine of $500. The judgment and sentence was entered September 17, 1912. From the judgment an appeal was attempted to be taken by filing in this court, January 15, 1913, a petition in error with case-made.

The Attorney General has filed a motion to dismiss the appeal herein, and as grounds therefor says:

"That this is an attempted appeal from a conviction for violation of the prohibitory laws; that the judgment was entered on September 17, 1912, at which time defendant was given 30 days in which to make and serve a case-made, to be filed in this court within 60 days from said date; that thereafter on October 14th an extension of 30 days was made, 'making in all 60 days from the date of judgment and sentence herein, in which to make, serve, have settled and signed, and for filing his appeal to the Criminal Court of Appeals of the state of Oklahoma;' that thereafter, on November 15th, an order was made granting defendant 30 days from said date, 'making in all 90 days from the time and date upon which the motion of the defendant for a new trial herein was held, in which to make, serve, have signed and settled, and filed case-made in said cause, and in which to perfect appeal herein of said cause to the Criminal Court of Appeals of the state of Oklahoma'; that thereafter, on December 14th, an order was made allowing defendant ten days from said date in which to perfect appeal, said time being allowed to make, serve, have signed and settled, and for filing case-made in the court below and in this court; that said petition in error and case-made were not filed in this court within the ten days last above named, but filed long thereafter, to wit, January 15, 1913."

No answer to this motion has been filed, and no response made thereto.

It appearing from the record that the motion to dismiss is well taken, the appeal is dismissed, and the cause remanded

to the county court of Greer county, with direction to enforce its judgment and sentence therein.